IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MILE 533 MARINE WAYS, INC. | § | |
| | § | |
| v. | § | Civil Action No. C-10-090 |
| | § | |
| M/V CLARISSA, | § | |
| *her engines, tackle, etc. in rem* | § | |

## **OPINION GRANTING APPOINTMENT OF SUBSTITUTE CUSTODIAN**

This is a maritime claim within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure pursuant to Supplement Rule C of the Federal Rules of Civil Procedure. This Court has jurisdiction pursuant to 28 U.S.C. § 1333. Pending is plaintiff's motion for the appointment of a substitute custodian. (D.E. 2). Specifically, plaintiff seeks to appoint itself as substitute custodian.

### BACKGROUND

On March 29, 2010, a hearing was held to discuss plaintiff's verified complaint. Consequently, an order was issued authorizing the seizure of the M/V Clarissa. (D.E. 4). On March 30, 2010, the United States Marshal Service arrested the vessel.

During the March 29 hearing, plaintiff raised the issue of serving as substitute custodian. There was a discussion about the propriety of whether a party in interest could also serve as substitute custodian. Daily storage fees by the Marshal Service are about $400 as compared to $100 per day by plaintiff as substitute custodian. Plaintiff's counsel was uncertain as to the vessel owner's position on the issue. A hearing was set for April 2, 2010 in order to allow plaintiff's counsel to research the issue as well as raise the matter with the vessel owner. If the vessel owner consented to the plaintiff as custodian in writing, the hearing would be cancelled.

1

On April 2, 2010, plaintiff's counsel appeared at the hearing.  He indicated that he had discussed the matter with the vessel who did not object to plaintiff serving as the substitute custodian.  No one appeared on behalf of the vessel.  Plaintiff provided a consent to Mile 533 Marine Ways, Inc. serving as substitute custodian that was signed by Brian Bailey, who is a principal and authorized agent of Gulf Coast Boats, LLC, which owns the M/V Clarissa.  Pl.'s Ex. 2.  The consent was not notarized.  In an e-mail, Mr. Bailey explains that he does not have a notary available.  Pl.'s Ex. 1.

## DISCUSSION

There is scant case law addressing the propriety of a party in the litigation also serving as the substitute custodian.

In Mullane v. Chambers, 438 F.3d 132 (1st Cir. 2006), the appellants purchased the vessel.  After the purchase, the appellees had the vessel seized to satisfy a debt owed by the previous owner on the seized vessel by the sheriff's department.  Id. at 134-35.  The appellants then arranged to have the vessel be arrested.  Id. at 135.  The district court allowed them to take custody of the vessel after they posted security for it.  Id.  The appellants "had incurred ... charges by storing the vessel at various marinas during the court of the litigation as they tried to clear title to the vessel."  Id.  Ultimately, citing principles of equity, the district court ordered that the appellees "reimburse the [appellants] for all reasonable storage and insurance costs of the vessel incurred since the levy."  Id.  Without addressing the issue of the appellants serving as custodian despite their interest in the litigation, the First Circuit affirmed the award of the appellants' costs of storage.  Id. at 138-39.  Other courts have noted appointing a party in interest to serve as substitute custodian.  See Nuta v. M/V Fountas Four, 753 F. Supp. 352, 352-53 (S.D.

Fla. 1990) ("Inasmuch as the boat has been in Plaintiff's yard for some time and was still there, the court appointed Plaintiff as substitute custodian"); New River Yachting Ctr., Inc. v. M/V Little Eagle II, 401 F. Supp. 132, 134 (S.D. Fla. 1975) (court ordered plaintiff boatyard to serve as substitute custodian to minimize costs).  Based on this case law as well as the vessel owner's consent (albeit unnotarized), plaintiff Mile 533 Marine Ways, Inc. is a suitable substitute custodian.

Mile 533 Marine Ways, Inc. will store the vessel for a sum, including wharfage and routine services required for the safekeeping of the particular vessel, at a rate of $100 per day; however, it will be necessary for Mile 533 Marine Ways, Inc. to remove the vessel from the water to store it at this reduced cost without personnel on board.  Lifting costs will be a one time charge of $1,200 but will include the cost to return the vessel to the water when the matter is resolved.  Towing costs to the facility will be $1,500.  The United States Marshal is unable to perform or to have performed at a comparable rate these same services.

John Rooney, by affidavit, (D.E. 2, Aff.), swears that Mile 533 Marine Ways, Inc. has adequate facilities and supervision for the proper safekeeping of the vessel and that it possesses adequate insurance to respond to damages for loss or injury of the Defendant vessel due to acts, faults, or negligence of the substitute custodian or his employees or agents or for damage sustained by third parties due to any acts, faults, or negligence by said substitute custodian. Furthermore, in the affidavit, the substitute custodian accepts, in accordance with the terms of this Opinion, possession of the Defendant vessel, her engines, tackle, apparel, furniture, equipment and all other necessaries thereunto appertaining and belonging, which is the subject of this action.

Plaintiff Mile 533 Marine Ways, Inc., in consideration of the United States Marshal's consent to the substitution of custody, agrees to release the United States and the Marshal from any and all liability and responsibility arising out of care and custody of the Defendant vessel, her engines, tackle, apparel, furniture, equipment and all other necessaries thereunto appertaining and belonging to said vessel over to said substitute custodian. Plaintiff further agrees to hold harmless and indemnify the United States and the Marshal from any such claims arising out of the substitute custodian's possession and safekeeping.

Therefore, it is hereby ordered that the United States Marshal for the Southern District of Texas shall surrender the possession of the Defendant vessel to the substitute custodian named herein upon executing the warrant in this action and that, upon such surrender, the United States Marshal shall be discharged from his duties and responsibilities for the safekeeping of said vessel and held harmless from any and all claims arising whatever out of said substituted possession and safekeeping.

It is further ordered that Mile 533 Marine Ways, Inc. be, and is hereby, appointed the custodian of said vessel to retain the same in its custody for possession and safekeeping for the aforementioned compensation until further Order of the Court.

If is further ordered that all United States Marshal's costs be paid prior to release of said vessel; and all further custodial costs will be born by Plaintiff.

It is further ordered that the substitute custodian must receipt for the vessel and the United States Marshal must attest to the date and time of release on a certified copy thereof.

It is further ordered that Plaintiff's attorney will serve by certified mail, return receipt requested, a copy of this Opinion to the vessel owner's registered agent, Brenda J. Bailey, at

5900 Tropical Drive, South Padre Island, Texas 78597, or wherever else she may be found.

ORDERED this 2nd day of April 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE